IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| KRISTINE "KRISSIE" HOLCOMBE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:17-cv-112 |
| | § | |
| KELL WEST REGIONAL HOSPITAL, LLC, | § | |
| | § | |
| DEFENDANT. | § | |

# DEFENDANT'S UNOPPOSED MOTION TO VACATE CLERK'S ENTRY OF DEFAULT

In accordance with *Fed. R. Civ. P.* 55(c), Defendant Kell West Regional Hospital, LLC ("Kell West") moves the Court for an order vacating the Clerk's Entry of Default. Docket No. 9. The motion is based on the following grounds.

On **August 18, 2017**, Plaintiff filed suit.

Service of the *Summons* and *Complaint* were serve on Defendant on **August 23, 2017**. Thus, the due date for Defendant's responsive pleading originally was due **September 13, 2017**.

However, lead defense counsel in this matter was engaged in trial preparation for trial in Judge Godbey's court on September 18th in *Quiroz, et al. v. WCS Services, LLC, et al.,* No. 3:16-cv-2212-N, a multi-plaintiff race discrimination jury trial which was scheduled to last all week.

Accordingly, on **September 8, 2017**, Defendant filed an unopposed motion for an extension of time until September 25, 2017, in which to answer. Docket No. 6.

On **September 11, 2017**, the Court granted the extension. Docket No. 7.

However, upon completion of trial in *Quiroz, et al. v. WCS Services, LLC, et al.*, No. 3:16-cv-2212-N, defense counsel was unexpectedly retained by WCS Services, LLC, to represent it and the other Defendants in an FLSA overtime case scheduled for a jury trial in Judge Pittman's court in Waco, *to begin that Monday,* **September 25, 2017**. Accordingly, Defendant's counsel sought and Plaintiff's counsel agreed to a further extension of time to answer until Monday, **October 2, 2017**. Docket No. 8-3.

A responsive pleading (including affirmative defenses) was, in fact, drafted and ready for e-filing by **October 2, 2017**. However, when reviewing the draft pleading on the evening of **October 2, 2017**, defense counsel had some questions regarding the correctness of some of the proposed responses to Plaintiff's lengthy factual allegations in the *Complaint*, which necessitated clarification by Defendant before defense counsel could sign and file the pleading consistent with *Fed. R. Civ. P.* 11. It was counsel's intent to obtain clarification from the client the following morning, October 3, 2017, and file the *Answer* that day.

However, before clarification regarding some of the factual allegations could be obtained from the client, on **October 3, 2017**, Plaintiff precipitously filed a *Request for Entry of Default* (Docket No. 8)[1] and the Clerk promptly made an *Entry of Default*. Docket No. 9.

After obtaining factual clarifications from the client, *Defendant's Answer* (Docket No. 11) was, in fact, thereafter filed at 5:55 p.m. on **October 3, 2017**.

---

[1] *The Texas Lawyer's Creed—A Mandate for Professionalism* states, in relevant part, "I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed." No such inquiry was made.

2

This is a companion case to Case No. 7:17-cv-113, *Williams v. Kell West Regional Hospital, LLC,* which is also pending before the Court. Defendant has timely answered that lawsuit.

> Rule 55 of the *Federal Rules of Civil Procedure* authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. *Fed. R. Civ. P.* 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

*United States v. Britt*, 2017 WL 3500360, at 1 (N.D. Tex. Aug. 18, 2017) (Boyle, J.). *Accord, e.g., RMC Publications, Inc. v. Doulos PM Training*, 2010 WL 742575, at 3 (N.D. Tex. March 3, 2010) (O'Connor, J.)

A three-step process applies for entry of a default judgment, *i.e.*, failure of a defendant to timely plead, entry of default by the clerk, and an application for default judgment with at least three days' notice of hearing where, as here, the Defendant has previously appeared in the case. *E.g., Meachum v. Bank of NY Mellon Trust Co.*, 2017 WL 4325800, at 2 (N.D. Tex. Aug. 30, 2017) (Stickney, M.J.); *RMC Publications, Inc. v. Doulos PM Training*, 2010 WL 742575, at 2. Here, no default judgment has been entered. Only the second step in the process, *i.e.*, entry of default by the Clerk, is at issue.

The Court may set aside entry of default upon a showing of good cause. *Fed. R. Civ. P.* 55(c). Courts generally interpret the Rule's "good cause" requirement liberally. *See, e.g., Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991) ("[s]trict enforcement of defaults has no place in the Federal Rules").

3

Good cause is determined by looking to three non-exclusive factors: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). These factors, however, "are not talismanic." *See Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Whatever factors the Court ultimately relies on, "the imperative is that they be regarded simply as a means of identifying the circumstances which warrant the finding of 'good cause' to set aside a default.'" *Id.* Guiding the Court's good cause inquiry is the "policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). Generally speaking, "where there are no intervening equities any doubt should . . . be resolved in favor of the movant to the end of securing trial upon the merits." *Lacy v. Sitel Corp.*, 227 F.3d 290, 291 (5th Cir. 1960).

Defendant's technical failure to timely file its *Answer* was, as a matter of law, not willful. *Effjohn Intern. Cruise Holdings, Inc.*, 346 F.3d at 564. Any technical default was amply justified by defense counsel's good faith desire to ensure that *Defendant's Answer* fully complied with *Fed. R. Civ. P.* 11.

Vacating the *Entry of Default* will not result in any prejudice whatsoever to Plaintiff. The case has not been delayed in any material way. Defendant filed its *Answer* only a few hours after the *Clerk's Entry of Default. Compare* Docket Nos. 9 and 11.

Finally, as shown in the *Answer* (Docket No. 11), Defendant has multiple meritorious defenses. Specifically, Defendant has established *prima facie* defenses which, if proven, bar Plaintiff's claims, *i.e.*, (1) most of Plaintiff's factual allegations are not true; (2) the facts alleged fail to establish a basis upon which to impose liability on Defendant; (3) Defendant's actions were

4

based on legitimate non-discriminatory reasons; and (4) although Defendant denies that any employment decision regarding Plaintiff was motivated in part by any prohibited or unlawful factor, any such employment decision would have been made irrespective of any prohibited or unlawful factor.

## CONCLUSION

For all of the foregoing reasons, the motion should be, in all things, **GRANTED**.

Respectfully Submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**
Texas State Bar No. 17303020
**BRENT SEDGE**
Texas State Bar No. 24082120

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:(214) 871-8206 (Ross)
Telephone:(214) 880-2674 (Sedge)
Fax:(214) 871-8209
Email: jross@thompsoncoe.com
Email: bsedge@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

In accordance with Fed. R. Civ. P. 5(b)(2)(E) and (b)(3), I certify a true and correct copy of the foregoing document and all attachments/exhibits was filed electronically on October 6, 2017. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**