IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| KRISTINE "KRISSIE" HOLCOMBE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:17-cv-00112-O |
| | § | |
| KELL WEST REGIONAL | § | |
| HOSPITAL, LLC, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the Court is Defendant's Unopposed Motion to Vacate Clerk's Entry of Default (ECF No. 14), filed October 6, 2017.

The Fifth Circuit holds that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

A court may grant a motion to set aside an entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291–92 (5th Cir. 2000). The "good cause" requirement has generally been interpreted liberally. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Fed. Deposit Ins. Corp.*, 934

F.2d 681, 685 (5th Cir. 1991)). In determining whether good cause exists, the court should consider (1) the prejudice to the plaintiff if the default is set aside, (2) the existence of a meritorious defense, and (3) the defendant's culpable conduct. *Id.*; *see also Lacy*, 227 F.3d at 292. Other factors may also be considered, such as the party's promptness in correcting the default. *Id.* "These factors are not exclusive; instead, they are to be regarded simply as means to identify good cause." *Id.*

Having reviewed the motion, applicable law, and record in this case, the Court finds that good cause exists for setting aside the entry of default. Therefore, the Court finds that Defendant's Unopposed Motion to Vacate Clerk's Entry of Default (ECF No. 14) should be and is hereby **GRANTED**.

Accordingly, it is **ORDERED** that the Entry of Default against Defendant Kell West Regional Hospital, LLC dated October 3, 2017, is set aside pursuant to Federal Rule of Civil Procedure 55(c). It is **FURTHER ORDERED** that Defendant Kell West Regional Hospital, LLC's Answer (ECF No. 11) be deemed filed as of October 3, 2017.

**SO ORDERED** on this **10th day** of **October, 2017.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE